IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| AYANNA GREENE,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>EXPERIAN INFORMATION<br>SOLUTIONS *et al.*,<br><br>　　　　　Defendants. | Civil No. 23-1333 (RBK/MJS)<br><br>**OPINION** |

**KUGLER**, United States District Judge:

**THIS MATTER** comes before the Court upon Defendant TransUnion LLC ("TransUnion" or "Defendant")'s unopposed Motion to Dismiss Plaintiff's Complaint ("Motion" or "Mot.") (ECF No. 24). For the reasons set forth below, Defendant's Motion is **GRANTED**.

I.  **BACKGROUND**

　　A.　**Factual Background**

Plaintiff Ayanna Greene seeks to bring a *pro se* claim under the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 *et seq.*, "as assignee of" Taryn Watts.[1] (ECF No. 1, Compl. at 4). Plaintiff alleges that Ms. Watts "was a victim to [sic] identity theft" when multiple accounts were opened in Ms. Watts's name, purportedly without her consent. (*Id.*). Upon realizing that her FICO credit score was negatively impacted when the accounts were reported to Defendants

---

[1] The named plaintiff in this case is Ayanna Greene, an individual who purports to act "as assignee of" the real party in interest, Taryn Watts. Although questions over the identities of the proper plaintiffs lie at the heart of this Motion, *see* Part III.A, *infra*, the Court will generally refer to Ms. Greene as "Plaintiff" and Taryn Watts as Ms. Watts throughout this Opinion.

1

TransUnion, Experian Information Solutions ("Experian"), and Equifax, Inc. ("Equifax"), Ms. Watts filed reports with the police and the FTC to dispute the accounts' validity. (*Id.*). About thirty days later, Ms. Watts received a notice from the Consumer Financial Protection Bureau (CFPB) stating that Experian closed her account "because the information came back verified." (*Id.*). TransUnion and Experian subsequently sent notices stating the same. (*Id.*).

Plaintiff alleges that Defendants violated the FCRA when Ms. Watts "sent a copy of the FTC report, police report, [and] notice that she was a victim of identity theft as well as proof of identity and they still refused to remove the fraud." (*Id.*). Because of this, Plaintiff states, Ms. Watts "has not been able to refinance her home to get a lower interest rate for her mortgage." (*Id.*). Plaintiff now seeks—on Ms. Watts's behalf—relief in the form of "actual damages, statutory damages, or such other and further relief as the county [sic] may deem just and proper." (*Id.*).

### B. Procedural History

Plaintiff filed her Complaint on March 2, 2023, against Defendants TransUnion, Experian, and Equifax. (ECF No. 1, Compl.). On April 25, 2023, Defendant Experian filed a motion to dismiss due to lack of standing, (ECF No. 12), and Plaintiff filed a response in opposition. (ECF No. 13, Pl. Opp. Br.). On April 28, 2023, Plaintiff filed a notice of voluntary dismissal with prejudice as to Defendant Equifax. (ECF No. 14). On June 17, Plaintiff filed a notice of voluntary dismissal with prejudice as to defendant Experian, (ECF No. 16), which subsequently mooted its prior motion to dismiss. (ECF No. 18).

On June 21, 2023, Plaintiff effected proper service on Defendant TransUnion, and the Summons was returned executed by U.S. Marshals Service on June 23, 2023. (ECF No. 17). On August 11, 2023, TransUnion filed the instant Motion. Plaintiff did not respond to the Motion,

2

and TransUnion made note of this fact in a letter addressed to the Court on August 29, 2023. (ECF No. 25). The Motion is currently ripe for review.

## II.  LEGAL STANDARD

### A.  Motion to Dismiss

When evaluating a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). When a motion to dismiss is unopposed, courts must find an independent legal basis on which to grant it. *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991); *Wiggins v. MacManiman*, 698 Fed. App'x 42, 43 (3d Cir. 2017).

### B.  Article III Standing

A plaintiff must have standing to sue in federal court. *See* U.S. Const. art. III (confining the federal judicial power to the resolution of "Cases" and "Controversies"). For there to be a case or controversy under Article III, "the plaintiff must have a personal stake in the case—in other words, standing." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021) (internal quotation marks omitted)).

To establish standing, a plaintiff must, at a minimum, meet three basic requirements: that she "suffered an injury in fact that is concrete, particularized, and actual or imminent"; that the injury was likely caused by the defendant; and that the injury would likely be redressed by judicial relief. *Id.* at 2203 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–561 (1992)). As the party invoking federal jurisdiction, the plaintiff bears the burden of demonstrating that she has standing. *Id.* at 430–31.

Standing has additional requirements when federal court jurisdiction is sought on the basis of a federal statute. A federal statutory cause of action extends only to those plaintiffs whose interests "fall within the zone of interests protected by the law invoked." *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 129 (2014); *see also Bennett v. Spear*, 520 U.S. 154, 163 (1997) ("Congress legislates against the background of our prudential standing doctrine."). As a result, plaintiffs generally cannot assert the statutory rights of third parties. *Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.*, 554 U.S. 269, 289–90 (2008); *see also Warth v. Seldin*, 422 U.S. 490, 501 (1975) (expressing "reluctance to exert judicial power when the plaintiff's claim to relief rests on the legal rights of third parties"); *Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 263 (1977) ("In the ordinary case, a party is denied standing to assert the rights of third persons."). Instead, a plaintiff's complaint must establish that she has a "personal stake" in the alleged dispute and that the alleged injury suffered is particularized as to her. *Raines v. Byrd*, 521 U.S. 811, 819 (1997) (citing *Lujan*, 504 U.S. at 560–561 and n.1 (holding that, to have standing, the plaintiff must have suffered a "particularized" injury, which means that "the injury must affect the plaintiff in a personal and individual way"); *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 543–544 (1986) (holding that a school board member who "has no personal stake in the outcome of the litigation" lacked standing).

The Third Circuit adheres strictly to standing doctrine in the context of third parties. *See, e.g.*, *Twp. of Lyndhurst, N.J. v. Priceline.com Inc.*, 657 F.3d 148, 154 (3d Cir. 2011) (holding that "a plaintiff must assert his or her own legal interests rather than those of a third party") (internal quotation marks omitted); *Oxford Assocs. v. Waste Sys. Auth. of E. Montgomery Cnty.*, 271 F.3d 140, 145 (3d Cir. 2001) (noting that Third Circuit precedent requires that a "litigant assert his [or her] own legal interests rather than those of third parties").

4

### C.    Third-Party Representation

Non-attorneys may not represent other parties in federal court. *Collinsgru v. Palmyra Bd. of Educ.*, 161 F.3d 225, 232 (3d Cir. 1998) ("The rule that a non-lawyer may not represent another person in court is a venerable common law rule."), *abrogated on other grounds by Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007). This prohibition also applies in the "power of attorney" context. *Williams v. United States*, 477 F. App'x 9, 11 (3d Cir. 2012) (holding that power of attorney "may confer certain decision-making authority under state law, but it does not permit [one] to represent [another] *pro se* in federal court"); *Osei-Afriyie ex rel. Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882–83 (3d Cir. 1991) (a *pro se* litigant who is not an attorney may not pursue claims on behalf of anyone other than himself).

## III.   DISCUSSION

Although TransUnion's Motion is unopposed, (*see* ECF No. 25), the Court must find an independent legal basis upon which to grant it. *See Stackhouse*, 951 F.2d at 30; *Wiggins*, 698 Fed. App'x at 43. Because we grant dismissal on the basis of jurisdiction, the Court declines to address the merits of Plaintiff's underlying FCRA claim.

### A.    Ms. Greene Is The Sole Plaintiff

Plaintiff Ms. Greene brings claims of alleged violations of the FCRA on behalf of Ms. Watts "as assignee." (ECF No. 1-1, Civil Cover Sheet at 1). It is disputed, however, whether this enables Ms. Watts to be considered an independent named plaintiff. (*See, e.g.*, ECF No. 12, Experian Mot. Dismiss at 1 (arguing that the "Plaintiff appears to attempt to represent Watts in her alleged claim"); ECF No. 13 at 1 ("Plaintiff Taryn Watts is also included in the caption.")). Because TransUnion argues for dismissal solely due to Ms. Greene's lack of standing, the Court first reviews whether Ms. Greene may properly be considered the sole plaintiff.

To begin, Plaintiff's Civil Cover Sheet lists the "Plaintiff"—singularly—as "Ayanna Green as assignee of Taryn Watts." (ECF No. 1-1 at 1). Despite Ms. Greene being listed "as assignee" and Plaintiff's subsequent assertion that "Ayanna Greene has a valid assignment of claim executed by Plaintiff Taryan [sic]," (ECF No. 13, Pl. Opp. Br. at 1), there is no evidence in the record to support a finding that such an assignment of Ms. Watts's FCRA claim has ever been made. Instead, the Complaint variably refers to *both parties* as the "Plaintiff" throughout its five pages: Ms. Watts—not Ms. Greene—is listed on page one as "The Plaintiff"; the description of the claim addresses Ms. Watts in the third person; and the certification is signed and printed solely by Ms. Greene as "Plaintiff." (Compl. at 1, 4–5). Muddying the waters further, in a brief responding to Defendant Experian's motion to dismiss, Ms. Greene repeatedly characterizes Ms. Watts as "Plaintiff Taryn Watts" in an apparent effort to comply with Federal Rule of Civil Procedure 17(a)(1)'s requirement that an action must be prosecuted in the name of the real party in interest (ECF No. 13, Pl. Opp. Br. at 1).

Plaintiff offers some clarity in the same responsive pleading when she asserts (in the third person) that "Ms. Greene has initiated the present lawsuit in Ms. Watts['s] name and submits that she has standing to litigate this matter." (*Id.*). Specifically, Plaintiff argues that she can properly bring suit on behalf of Ms. Watts because Ms. Watts granted her "power of attorney." (*Id.*). From this grant, Plaintiff attests, Plaintiff has the "express power to bring suit" and may be considered an "Attorney In Fact" [2] capable of representing Ms. Watts pursuant to Rule 17(a)(1)(G).

---

[2] Plaintiff defines "Attorney In Fact" as: "An agent authorized to act on behalf of another person, but not necessarily authorized to practice law, e.g. a person authorized to act by a power of attorney. An attorney in fact is a fiduciary. Also known as attorney in fact or private attorney." (ECF No. 13 at 1).

*See* Fed. R. Civ. P. 17(a)(1)(G) (providing that a "party authorized by statute" may sue in her own name in place of the real party in interest).

As such, the Court construes Plaintiff's "as assignee" language to mean that Ms. Watts intended Ms. Greene to act as her representative and prosecute the claim on her behalf pursuant to Rule 17(a)(1)(G), not that Ms. Watts sought and subsequently made a valid legal assignment of her FCRA claim to Ms. Greene. Accordingly, although the Court recognizes Ms. Watts as the real party in interest in this matter, we find that Ms. Greene is the sole plaintiff.

### B.     Ms. Greene Lacks Standing

Plaintiff Ms. Greene, however, lacks standing to bring Ms. Watts's claim. Plaintiff neither alleges that she herself suffered a concrete injury, nor does she allege that anyone other than Ms. Watts has a stake in the outcome of the matter. (*See* Compl. at 4 ("Taryn was a victim to [sic] identity theft . . . .")); *TransUnion LLC*, 594 U.S. at 423; *Raines*, 521 U.S. at 819.

Instead, Plaintiff relies on a purported statutory grant of authorization to prosecute the FCRA claim on behalf of the real party in interest—here, Ms. Watts—pursuant to Rule 17(a)(1)(G). For the requisite statutory link, Plaintiff cites an Oklahoma statute. (*See* ECF No. 13 at 1–2 (citing Okla. Stat. tit. 15 § 1014(1) (empowering agents to "[a]ssert and prosecute before a court or administrative agency a claim . . . against an individual, a legal entity, or government, including suits to recover property or other thing of value, to recover damages sustained by the principal . . . or other relief" in matters involving statutory power of attorney))).[3]

---

[3] Nor does the FCRA itself provide express authorization—for Rule 17(a)(1)(G) purposes or otherwise—to third parties seeking to bring claims on behalf of an injured party. *See, e.g.*, 15 U.S.C. §§ 1681*n* and 1681*o*.

To be clear, the Court is not bound by Oklahoma state law in a matter brought under the FCRA,[4] and the Oklahoma statute Plaintiff cites does not give her the power to bring federal statutory claims on a third party's behalf in federal court in New Jersey. *See Lexmark Int'l, Inc.*, 572 U.S. at 129; *Twp. of Lyndhurst, N.J.*, 657 F.3d at 154. Moreover, the Oklahoma statute does not supersede established restrictions on third-party standing in cases involving federal statutory causes of action. *See id*; *Sprint Commc'ns Co., L.P.*, 554 U.S. at 289–90; *Warth*, 422 U.S. at 501. Because neither the Oklahoma statute nor the FCRA itself authorizes Ms. Greene to sue on Ms. Watts's behalf, Plaintiff cannot rely on Rule 17(a)(1)(G) to support her claim of standing.

Nor can Plaintiff assert a legal interest in injuries particular only to Ms. Watts. Plaintiff asserts that Ms. Watts—and Ms. Watts only—was the victim of identity theft and injuries under the FCRA. (*See* Compl. 1 at 4; ECF No. 13 at 1). Plaintiff cannot thereafter assume Ms. Watts's injuries as her own. *See TransUnion*, 594 U.S. at 423; *Lujan* 504 U.S. at 560–561. Likewise, Plaintiff's "power of attorney" does not permit Plaintiff to represent Ms. Watts *pro se* in federal court under Rule 17(a)(1)(G) or any theory, because Plaintiff is not an attorney who is licensed

---

[4] *See* 17A James Wm. Moore *et al.*, Moore's Federal Practice § 120.31[1][b][ii], at 120–73 (3d ed. 2011) ("[I]n federal question cases, federal courts look to federal choice-of-law principles.") The FCRA is silent as to the assignability of claims. The Court notes, however, that even if Ms. Watts had made a valid assignment of her FCRA claim to Ms. Greene, such an assignment would likely fall under New Jersey state law, not Oklahoma state law. *See Conopco, Inc. v. McCreadie*, 826 F. Supp. 855, 865 (D.N.J. 1993), *aff'd*, 40 F.3d 1239 (3d Cir. 1994) (noting that "the validity of an assignment of a contract right as between the assignor and assignee is to be governed by the law of the state with the most significant relationship 'to the assignment and the parties'" (quoting Restatement (Second), Conflict of Laws, § 209)); *see also Dotson v. Pennsylvania Higher Educ. Assistance Agency*, No. 21-1203-F, 2022 WL 1630908, at *1 (W.D. Okla. May 23, 2022) ("Because there does not appear to be a federal policy or interest which demands the creation of a uniform federal rule governing assignability of FCRA claims . . . it is appropriate to adopt state law with respect to the issue."). Thus, an Oklahoma statute granting "statutory power of attorney" rights would fail to authorize Ms. Greene to sue on Ms. Watts's behalf under Rule 17(a)(1)(G)—even if a valid assignment had been made—because Oklahoma law does not apply in this matter.

to practice law in this or any District. *See Williams*, 477 F. App'x at 11; *Osei-Afriyie ex rel. Osei-Afriyie*, 937 F.2d at 882–83. Plaintiff's claim that her power of attorney enables her to act as "Attorney In Fact" for Ms. Watts in this matter is therefore misguided.

Consequently, because Plaintiff lacks standing to bring an FCRA claim on behalf of a third party, and because Plaintiff is not an attorney authorized to represent Ms. Watts, the Court lacks jurisdiction over this matter and must dismiss Plaintiff's claim.

### IV.   CONCLUSION

For these reasons, TransUnion's Motion (ECF No. 24) is **GRANTED**. An Order follows.


Dated: March 12, 2024                                           /s/ Robert B. Kugler
                                                                ROBERT B. KUGLER
                                                                United States District Judge

9